DIANE SIDD-CHAMPION - 78140
WYLIE, McBRIDE, PLATTEN & RENNER
605 Market Street, Suite 1200
San Francisco, California 94105
Telephone: (415) 977-0904
Facsimile:  (415) 536-0906

Attorneys for Petitioners

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GENERAL EMPLOYEES TRUST FUND and BOARD OF TRUSTEES OF GENERAL EMPLOYEES TRUST FUND,<br><br>Petitioner,<br><br>vs.<br><br>MERCHANTS EXCHANGE BUILDING HOLDINGS, INC.; MERCHANTS EXCHANGE BUILDING LLC; THE CLINTON REILLY GROUP, INC.; and CLINTON REILLY HOLDINGS LLC,<br><br>Respondents. | Case No. 16-cv-00063 VC<br><br>**SETTLEMENT AGREEMENT AND STIPULATION FOR CONDITIONAL DISMISSAL AND ENTRY OF JUDGMENT UPON DEFAULT** |

COME NOW petitioners General Employees Trust Fund and Board of Trustees of General Employees Trust Fund (collectively, "Trust Fund") and respondents Merchants Exchange Building Holdings, Inc.; Merchants Exchange Building LLC; The Clinton Reilly Group, Inc.; and Clinton Reilly Holdings LLC (collectively, "Employer") and hereby enter into this Settlement Agreement and Stipulation for Conditional Dismissal and Entry of Judgment upon Default ("Agreement"), stipulating and agreeing as follows:

1. The Trust Fund has alleged that the Employer failed to make fringe benefit contributions on a timely basis on account of work performed by the Employer's employees during the period from

SETTLEMENT AGREEMENT AND STIPULATION FOR CONDITIONAL DISMISSAL AND ENTRY OF JUDGMENT UPON DEFAULT; Case No. 16-cv-00063 VC

1

January 1, 2010 through December 31, 2012, as more fully appears in the Petition to Confirm Arbitration Award.

2. The Trust Fund caused audits to be conducted of the books and records of the Employer for the period from January 1, 2010 through December 31, 2012 ("Audits"). The Audits showed that the Employer owed monies to the Trust Fund. When the Employer failed to pay the monies found in the Audits, the Trust Fund referred the matter to final and binding expedited arbitration. The arbitration award found that the Employer owed the Trust Fund $112,605.89 plus interest from August 20, 2015 until paid.

3. The Trust Fund and the Employer (collectively, the "Parties," and, individually, a "Party") now desire to settle this matter and have agreed upon a basis for the adjustment of the matters alleged in the Petition to Confirm Arbitration Award and the entry of a judgment in Case No. 16-cv-00063 VC (the "Action") pursuant to the terms of this Agreement.

4. The Employer agrees to the entry of judgment in the amount of $119,759.02, plus interest at the rate of fifteen dollars and fifty-seven cents ($15.57) per day from February 2, 2016 until paid, to be satisfied as follows:

    (a) The Employer shall make one (1) payment of fifty-nine thousand eight hundred seventy-nine dollars and fifty-one cents ($59,879.51) on or before March 15, 2016 or within ten (10) business days after the entry of the Order set forth at the end of this Agreement, whichever is later.

    (b) The Employer shall make five (5) payments of nine thousand nine hundred seventy-nine dollars and ninety-two cents ($9,979.92) on or before the 15th day of each month beginning on April 15, 2016 and ending on August 15, 2016.

    (c) The Employer shall make one (1) payment of nine thousand nine hundred seventy-nine dollars and ninety-one cents ($9,979.91) on or before September 15, 2016.

    (d) All the foregoing payments shall be in the form of checks made payable to "General Employees Trust Fund," and sent to the following address:

SETTLEMENT AGREEMENT AND STIPULATION FOR CONDITIONAL DISMISSAL AND ENTRY OF JUDGMENT UPON DEFAULT; Case No. 16-cv-00063 VC

2

Diane Sidd-Champion
Wylie, McBride, Platten & Renner
605 Market Street, Suite 1200
San Francisco, CA 94105

5. The Parties request that the Action be conditionally dismissed upon the entry of the Order set forth at the end of this Agreement.

6. The Employer agrees to remain current in its future obligations to submit timely fringe benefit contributions to the Trust Fund for the work months from February 2016 through the final date of payment made under this Agreement. If the Employer fails to submit a report form to the Trust Fund or to pay any monthly fringe benefit contributions indicated on the report form by the twentieth (20th) day of the month following the work month for the work months from February 2016 through the final date of payment, it is agreed that the Employer shall be deemed in default and breach of this Agreement.

7. If the Employer fails to pay any installment due under this Agreement by the due date set forth in this Agreement, it is agreed that the Employer shall be deemed in default and breach of this Agreement.

8. In the event of a default or breach under the terms of Paragraph 6 or Paragraph 7 of this Agreement, it is agreed that the Trust Fund may, without notice, move the Court to revoke the dismissal and enter judgment in favor of the Trust Fund and against the Employer. The Parties agree that if judgment is entered, the judgment shall be in the amount of one hundred nineteen thousand seven hundred fifty-nine dollars and two cents ($119,759.02), less any amounts already received pursuant to this Agreement, plus interest of fifteen dollars and fifty-seven cents ($15.57) per day from February 2, 2016 until date of entry of judgment; that the judgment will immediately fall due; and that the Trust Fund will be enabled to execute immediately on the judgment for said sum. If there is no default or breach of this Agreement, no judgment shall be entered and the Action shall be dismissed with prejudice upon the completion of all payments due under Paragraph 4(a), (b) and (c) above.

9. Upon full payment of all monies due under this Agreement, the Trust Fund shall release and forever discharge the Employer and its successors, assigns, officers, agents, and employees from any

and all claims and demands related to matters alleged in the Action. The Parties recognize that they may be mistaken as to the facts and/or law upon which they may be relying in executing this Agreement, and that such facts and/or law may be other than or different from their present beliefs. Nonetheless, the Parties intend to, and do hereby, waive any and all claims, demands and causes of action arising out of, or in connection with, the Action, whether such claims, demands, and causes of action are known or unknown. The Parties expressly waive and relinquish all rights and benefits under Section 1542 of the California Civil Code, which states:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN TO HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

10. The Trust Fund reserves its right to audit the Employer for work performed on and after January 1, 2013, and to collect any additional monies found due in such an audit. The Employer agrees that this Agreement will not act as a bar to the Trust Fund conducting such an audit or collecting additional monies found due in such an audit based on work performed on and after January 1, 2013. Nothing in this Agreement shall be construed as a waiver by the Trust Fund of any claim for any additional amounts that might be owed as might be disclosed by a subsequent audit of the Employer's records or by any other means.

11. This Agreement is made and entered into as a free and voluntary act of the respective Parties, after being provided the opportunity to consult with their own legal counsel and in the exercise of their own judgment, belief, and knowledge of the nature, extent, and duration of the claims hereby released, and is not made or entered into under the influence of or in reliance upon statements or representations made by any Party, or any attorney, representative, agent, or other person acting for, through, or on behalf of any of the Parties, other than as expressly set forth in this Agreement.

12. This Settlement Agreement is a compromise of disputed claims and shall not be construed as an admission of liability. The Parties have entered into this Agreement solely for the purpose of avoiding the expense and inconvenience of further litigation.

SETTLEMENT AGREEMENT AND STIPULATION FOR CONDITIONAL DISMISSAL AND ENTRY OF JUDGMENT UPON DEFAULT; Case No. 16-cv-00063 VC

4

13. Each Party hereto agrees to perform any further acts and to execute and deliver any further documents which may be reasonably necessary or otherwise reasonably required to implement the provisions of this Agreement.

14. All notices, requests, demands and other communications hereunder shall be in writing and shall be mailed or e-mailed as follows:

Communications to Respondents:

    Joseph A. Schwachter
    Littler Mendelson, P.C.
    (prior to March 7, 2016):
    650 California Street, 20th Floor
    San Francisco, California 94108
    (on or after March 7, 2016):
    333 Bush Street, 34th Floor
    San Francisco, CA 94104
    Telephone: (415) 433-1940
    Facsimile: (415) 399-8490
    Email: jschwachter@littler.com

    650 California Street, 20th Floor
    San Francisco, California 94108
    Telephone: (415) 433-1940
    Facsimile: (415) 399-8490
    Email: jschwachter@littler.com

Communications to Petitioners:

    Diane Sidd-Champion
    Wylie, McBride, Platten & Renner
    605 Market Street, Suite 1200
    San Francisco, CA 94105
    Telephone: (415) 977-0904
    Facsimile: (415) 536-0906
    Email: dsidd-champion@wmprlaw.com

15. This Agreement shall be binding upon and shall inure to the benefit of the Parties, and their respective successors and assigns.

16. The provisions of this Agreement were negotiated by all of the Parties, and this Agreement shall be deemed to have been drafted equally by all of the Parties hereto.

SETTLEMENT AGREEMENT AND STIPULATION FOR CONDITIONAL DISMISSAL AND ENTRY OF JUDGMENT UPON DEFAULT; Case No. 16-cv-00063 VC

5

17. This Agreement was made and entered into in California, and shall be governed by and construed in accordance with the laws of the State of California.

18. Each Party is to bear its respective attorneys' fees and costs incurred in the Action. However, should the Trust Fund be required to enter or execute on the judgment pursuant to the terms of this Agreement, the Trust Fund may recover all attorneys' fees and costs incurred by it on and after February 2, 2016 in the Action.

19. The Parties acknowledge that they have read this Agreement, that they have had the opportunity to consult with and were represented by counsel in reaching this Agreement, and that they fully understand and voluntarily accept the terms of this Agreement. Each individual signing this Agreement on behalf of a Party represents and warrants that he or she is a duly appointed agent or duly elected officer of that Party and each has the right, power, legal capacity, and authority to enter into and perform the obligations under this Agreement on their own behalf.

20. All prior oral and written representations, covenants, agreements, and contracts discussed or entered into by the Parties hereto, or their representatives, are merged into and superseded by this Agreement, and this Agreement constitutes the sole and entire agreement between the Parties.

21. The provisions and terms of this Agreement are severable, existing separately from one another. If any part of this Agreement is determined to be unenforceable by a court of competent jurisdiction, the other provisions shall remain fully valid and enforceable.

22. This Agreement may be amended only by a writing signed by the Parties hereto.

23. This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which taken together shall constitute one and the same Agreement.

Dated: March 3, 2016

MERCHANTS EXCHANGE BUILDING HOLDINGS, INC.; MERCHANTS EXCHANGE BUILDING LLC; THE CLINTON REILLY GROUP, INC.; and CLINTON REILLY HOLDINGS LLC

By: _____

SETTLEMENT AGREEMENT AND STIPULATION FOR CONDITIONAL DISMISSAL AND ENTRY OF JUDGMENT UPON DEFAULT; Case No. 16-cv-00063 VC

6

|   |   |
|---|---|
| | **GENERAL EMPLOYEES TRUST FUND and BOARD OF TRUSTEES OF GENERAL EMPLOYEES TRUST FUND** |
| Dated:_____, 2016 | By:_____ Chairperson |
| **APPROVED AS TO FORM:** | **LITTLER MENDELSON, P.C.** |
| Dated: March 3, 2016 | By: _/s/ Joseph A. Schwachter_____ Joseph A. Schwachter Attorneys for Respondents |
| | **WYLIE, McBRIDE, PLATTEN & RENNER** |
| Dated:_____, 2016 | By:_____ Diane Sidd-Champion Attorneys for Petitioners |
| **IT IS SO ORDERED.** | |
| Dated:_____, 2016 | By:_____ VINCE CHHABRIA UNITED STATES DISTRICT JUDGE |

SETTLEMENT AGREEMENT AND STIPULATION FOR CONDITIONAL DISMISSAL AND ENTRY OF JUDGMENT UPON DEFAULT: Case No. 16-cv-00063 VC

7

GENERAL EMPLOYEES TRUST FUND and BOARD OF TRUSTEES OF GENERAL EMPLOYEES TRUST FUND

Dated: 3/9, 2016

By: /s/ _____
Chairperson

APPROVED AS TO FORM:

LITTLER MENDELSON, P.C.

Dated: _____, 2016

By: _____
Joseph A. Schwachter
Attorneys for Respondents

WYLIE, McBRIDE, PLATTEN & RENNER

Dated: March 11, 2016

By: /s/ Diane Sidd-Champion
Diane Sidd-Champion
Attorneys for Petitioners

IT IS SO ORDERED.

Dated: March 16, 2016, 2016

By: /s/ _____
VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE

SETTLEMENT AGREEMENT AND STIPULATION FOR CONDITIONAL DISMISSAL AND ENTRY OF JUDGMENT UPON DEFAULT; Case No. 16-cv-00063 VC

7